The Honorable Doug Wood State Representative P.O. Box 5606 North Little Rock, AR 72119
Dear Representative Wood:
This is in response to your request for an opinion concerning accounting procedures in connection with money seized during the commission of a crime, i.e. drug transactions. According to the facts outlined in your request, currency that is seized during an arrest is subsequently released to the prosecuting agencies (police department) by court order.
You have asked the following specific questions with regard to the above set of facts:
 1. Should the currency be deposited into the City's general fund. If not, where?
 2. Should subsequent disbursements be subject to normal budget controls?
I assume, as an initial matter, that the court order in this instance was entered pursuant to the Uniform Controlled Substances Act, which is codified at A.C.A. 5-64-101, et seq.[1] This body of law includes procedures governing the seizure and disposition of property subject to forfeiture under the act. See A.C.A.5-64-505. Subsection (e) of 5-64-505 states in relevant part:
 (e) When the circuit court having jurisdiction over the property seized finds upon a hearing by the preponderance of the evidence that grounds for a forfeiture exist under subchapters 1-6 of this chapter, the court shall enter an appropriate order. The court may:
 (1) Permit the proper law enforcement agency or the prosecuting attorney for the judicial district in which the property was seized to retain the property for official use.
Although your correspondence does not identify the authority pursuant to which the court order was entered, I assume that5-64-505(e)(1) is applicable in light of the fact that the currency was seized during a drug transaction and the court order released the funds to the police department.[2]
It is my opinion, in response to your first question, that the currency should be deposited into the city general fund if the city council has not authorized the creation of a special fund for this purpose. While 5-64-505(e)(1) authorizes the law enforcement agency's retention of the currency for "official use", it does not specify an accounting system in connection with such property. Nor are we aware of any other legislative enactment designating a separate fund for this purpose.
It must therefore be concluded, in the absence of specific authority in this regard, that the legislature intended for these funds to be treated as general revenues, to be deposited in the general fund. The Municipal Accounting law (A.C.A. 14-59-101, et seq.) should, however be consulted in connection with the manner in which these funds should be formally receipted. See, A.C.A.14-59-109 and 14=59=110.
The answer to your second question, in my opinion, is "yes". This conclusion is compelled by the general precept that municipal funds may not be disbursed unless and until the statutory prerequisites are observed. 64 C.J.S Municipal Corporations 1882 (1950).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Although the disposition of seized property may in some instances be governed by A.C.A. 5-5-101, et seq., which requires the delivery of proceeds to the county treasurer, Section 5-5-102
states that any other statute governing the disposition of a particular type of seized property will control.
[2] It should be noted that the response to your questions will vary if the funds were in fact released to the prosecuting attorney rather than the police department. The prosecuting attorney's accounting system for funds received by virtue of that office is developed with the assistance of the Division of Legislative Audit. A.C.A. 10-4-209. Specific reference must therefore be made to that system.